**Perlito Capili SULIT; Estela G. Sulit, Petitioners,**

v.

**Charles H. DEMORE, District Director, Respondent.**

No. 03–15860.

D.C. No. CV–00–21121–RMW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2004.

Decided Feb. 20, 2004.

Martin Resendez Guajardo, Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioners.

Jocelyn Burton, Office of the U.S. Attorney San Francisco, CA, for Respondent.

Before GOODWIN, TASHIMA, and CLIFTON, Circuit Judges.

MEMORANDUM *

Perlito Sulit and Estela Sulit, citizens of the Philippines, appeal the denial of their petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

Petitioners entered the United States in 1990 as non-immigrant visitors with per-

___

* This disposition is not appropriate for publica-

tion and may not be cited to or by the courts

mission to remain for one year. They did not depart as required, and the Immigration and Naturalization Service ("INS") initiated deportation proceedings in March 1993. At a hearing in June 1994, they conceded deportability, but the immigration judge ("IJ") granted their applications for asylum and withholding of deportation. In March 1996, the Board of Immigration Appeals ("BIA") vacated the IJ's rulings and granted petitioners thirty days to voluntarily depart. We affirmed and dismissed the petition for review in an unpublished opinion. *Sulit v. INS*, 114 F.3d 1195 (9th Cir.1997) (unpublished).

While the INS's appeal to the BIA was pending, petitioners applied for adjustment of status based on the IJ's grant of asylum. In October 1996, the INS mistakenly approved their applications and issued permanent resident cards ("green cards"). In January 1998, the INS arrested petitioners and confiscated their green cards. They responded by filing a petition for a writ of habeas corpus in the District Court for the Northern District of California. The district court denied the petition, and we affirmed. *Sulit v. Schiltgen*, 213 F.3d 449, 451 (9th Cir.2000). Petitioners were ordered to surrender for deportation on November 8, 2000. But on November 3, 2000, they filed the present petition for a writ of habeas corpus, alleging ineffective assistance of counsel and requesting suspension of deportation under § 244(a) of the Immigration and Nationality Act. The district court denied the petition, and petitioners appealed.

We review de novo the district court's denial of a habeas petition. *Singh v. Ilchert*, 63 F.3d 1501, 1506 (9th Cir.1995); accord *Noriega–Lopez v. Ashcroft*, 335 F.3d 874, 878 (9th Cir.2003). We apply the law as it stood before enactment of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), because the BIA issued its final order of deportation in March 1996. *See Sulit v. Schiltgen*, 213 F.3d at 452.

Petitioners do not contest the district court's rulings on the claims in their habeas petition. Instead, they argue, for the first time in any proceeding, that the BIA lacked authority to issue deportation orders under pre-IIRIRA law. "Habeas claims that are not raised before the district court in the petition are not cognizable on appeal." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir.1994) (citing *King v. Rowland*, 977 F.2d 1354, 1357 (9th Cir.1992)); *see also Belgarde v. Mont.*, 123 F.3d 1210, 1216 (9th Cir.1997) (quoting *Cacoperdo*); *Biggs v. Terhune*, 334 F.3d 910, 915 n. 2 (9th Cir.2003) (citing *Belgarde*). Because petitioners' current claim was not raised in the habeas petition, we do not consider it. *See Cacoperdo*, 37 F.3d at 507. We do note, however, that petitioners' reliance on *Noriega–Lopez* is misplaced. Whether or not *Noriega–Lopez* applies to pre-IIRIRA deportation orders, it does not address the question presented here. *See Noriega–Lopez*, 335 F.3d at 884 n. 10 ("We leave for another day situations in which an IJ determines that an alien is removable (whether based on a concession or after adjudication) but grants relief from removal, and the BIA then rejects the grant of relief.").

**AFFIRMED.**